UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICKY BRYANT,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**EDWARD F. REILLY, JR., et al.** )<br>)<br>Defendants. )<br>) | Civil Action No. 08-315 (ESH) |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Parole Commission and the individual parole commissioners respectfully request that the Court dismiss the Complaint for the reasons set forth in the attached Memorandum in Support.

A proposed order is also attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov

June 17, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICKY BRYANT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-315 (ESH) |
| ) | |
| **EDWARD F. REILLY, JR., et al.** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Ricky Bryant, a *pro se* prisoner, is currently serving an aggregate term of thirty years to life imprisonment for crimes he committed in 1979 and 1980. A jury convicted Bryant of these crimes, including felony murder, under the District of Columbia Code. The United States Parole Commission ("Parole Commission") denied Bryant parole in July 2003. Bryant alleges in his Complaint that the Parole Commission (and the individual parole commissioners) violated the *Ex Post Facto* Clause of the Constitution and the Due Process clauses of the Fifth and Fourteenth Amendments by relying on Guidelines that were not promulgated until 2000. Bryant alleges that the Parole Commission should have used its 1987 Regulations. Bryant seeks injunctive relief.

The Court should dismiss Bryant's Complaint for three reasons. First, Bryant's claims are barred by the doctrines of *res judicata* and collateral estoppel. Bryant previously filed a habeas corpus petition with the United States District Court for the Middle District of Pennsylvania ("Pennsylvania District Court") in which he asserted the same *ex post facto* claim that he is asserting in this case. *See Bryant v. Williamson*, 2007 WL 210792 (M.D. Pa. Jan. 25, 2007). The doctrines of *res judicata* and collateral estoppel preclude Bryant from re-litigating his *ex post facto* claim and from litigating his due process claims because he could, and should,

have raised those claims in his habeas petition.

Second, Bryant's claims under 42 U.S.C. § 1983 are untimely. A prisoner challenging the denial of parole must bring suit within three years. The Parole Commission denied Bryant parole on July 22, 2003, but he did not file the Complaint until February 25, 2008 – well more than three years later.

Third, Bryant has failed to state a claim on which relief can be granted. Bryant's *ex post facto* claim fails because that clause only precludes the Parole Commission from retroactively applying a new parole regime to a prisoner if the new regime significantly increases the risk of a longer period of incarceration than the parole regime in effect at the time the prisoner committed his crimes. Bryant does not, however, allege that the 2000 Guidelines on which the Parole Commission relied significantly increased his risk of serving a longer period of incarceration than the regime in effect in 1979 and 1980. Indeed, Bryant erroneously bases his *ex post facto* claim on the 1987 Regulations, which were not in effect when he committed his offenses.

Moreover, Bryant's due process claims fail because he has not alleged the deprivation of a protected liberty interest. Neither the Constitution nor District of Columbia law creates a right to parole.

**BACKGROUND**

Bryant is serving an aggregate term of thirty years to life imprisonment for felony murder while armed, armed robbery, and other burglary-related crimes. (Compl. ¶¶ 5, 46; *Bryant*, 2007 WL 210792 at * 1.) He committed these crimes in 1979 and 1980 in violation of the District of Columbia Code. (*Id.*) At that time, the District of Columbia Parole Board was responsible for deciding whether to grant parole to District of Columbia Code offenders. (Compl. ¶¶ 12, 18.) In

1998, however, the Parole Commission took over responsibility for determining whether to grant parole to such prisoners. (*Id*. ¶¶ 12-15.)

The Parole Commission considered Bryant for parole in June and July 2003. (*Id*. ¶ 46; Ex. 1.) On July 22, 2003, the Parole Commission issued a Notice of Action that denied Bryant parole. (Ex. 1.) In reaching its decision, Bryant alleges that the Parole Commission relied on its 2000 Guidelines governing parole proceedings. (Compl. ¶ 49.) Bryant alleges that the 2000 Guidelines negatively affected his likelihood of being granted parole in comparison to the 1987 Regulations. (*Id*. ¶¶ 55-69.) He alleges that the Parole Commission would have granted him parole if it had applied the 1987 Regulations. (*Id*.)

In 2006, Bryant filed a habeas corpus petition in the Pennsylvania District Court against the warden of the U.S. Penitentiary in Lewisburg, Pennsylvania. *Bryant*, 2007 WL 210792 at *1. Bryant alleged in his habeas petition that the warden was detaining him in violation of the *Ex Post Facto* Clause because the Parole Commission had improperly relied on the 2000 Guidelines in denying his request for parole. *Id.* at * 1-2. On January 25, 2007, the Pennsylvania District Court denied Bryant's habeas petition on the merits after fully considering his arguments in support of his *ex post facto* claim. *Id.*

On February 25, 2008, Bryant filed the Complaint in this Court alleging the same *ex post facto* violation. He also alleges violations of the Due Process clauses of the Fifth and Fourteenth Amendments. (Compl. ¶¶ 58-69.)

## STANDARD OF REVIEW

The Court may dismiss Bryant's Complaint pursuant to Rule 12(b)(6) if he has failed to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1974 (2007); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). The focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support Bryant's claims for relief. *Id.* The Court may also dismiss the Complaint under Rule 12(b)(6) if Bryant filed it outside the applicable statute of limitations. *Tolbert v. Nat'l Harmony Mem. Park*, 520 F. Supp.2d 209, 211 (D.D.C. 2007).

In ruling on a motion to dismiss, the Court may consider "any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). This Court may take judicial notice of Bryant's habeas corpus proceeding in the Pennsylvania District Court. *Banks v. York*, 515 F. Supp.2d 89, 109 (D.D.C. 2007). Thus, the Court may consider the Pennsylvania District Court's opinion and the July 22, 2003 Notice of Action denying him parole.

## ARGUMENT

**I.     BRYANT'S CLAIMS ARE BARRED BY THE DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL**

    **A.     *Res Judicata***

A plaintiff generally must "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *United States Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985). Under the doctrine of *res judicata*, a plaintiff may not assert claims that were actually litigated or claims that could have been litigated in a previous action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). *See also I.A.M. National Pension Fund v. Indus. Gear Mfg.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously."). Res judicata acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain

effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

The doctrine of *res judicata* applies where: (1) the same parties are involved in both suits; (2) the present claim is the same as a claim that was raised or might have been raised in the first proceeding; (3) a judgment was issued in the first action by a court of competent jurisdiction; and (4) the earlier decision was a final judgment on the merits. *See Paley v. Estate of Ogus*, 20 F.Supp. 2d 83, 87 (D.D.C.1998).

In this case, Bryant's *ex post facto* and due process claims are barred by the doctrine of *res judicata*. Bryant's 2006 habeas corpus petition raised the same *ex post facto* claim that he now asserts here. *Bryant*, 2007 WL 210792 at * 1. The Pennsylvania District Court had jurisdiction over the habeas petition because it was the district in which Bryant was incarcerated, and the court issued a judgment on the merits against Bryant. *Id.* And, although the Parole Commission was not the defendant in the habeas case, courts have held that there is "privity for res judicata" purposes between the Parole Commission and the warden of the prison in a habeas proceeding. *See, e.g.*, *Warren v. McCall*, 709 F.2d 1183, 1185-86 (7th Cir. 1983) (dismissing a prisoner's *ex post facto* claims against the Parole Commission because the D.C. Circuit had previously denied a habeas petition by the prisoner asserting the same claims.); *cf. Fletcher v. Reilly*, 433 F.3d 867, 875-76 (D.C. Cir. 2006) (noting, in a habeas corpus proceeding, that the Parole Commission has the power to effectuate a prisoner's release). Bryant did not raise a due process claim in his habeas petition, but he plainly could have raised such a claim. *Danforth v. Minnesota*, 128 S. Ct. 1029, 1036 (2008) (observing that since 1915 federal habeas relief has been available for state prisoners alleging due process violations). Thus, the doctrine of *res*

*judicata* prevents Bryant from asserting his *ex post facto* and due process claims in this case.

    **B.**    **Collateral Estoppel**

Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158-59 (1984). In order for collateral estoppel to apply, the issue must have actually been litigated in the prior proceeding; the issue of fact or law must have been determined by a court of competent jurisdiction; and it must not be unfair to prohibit the party from re-litigating the same issue. *Siwa v. OPM*, 533 F. Supp.2d 81, 84 (D.D.C. 2008).

In this case, Bryant is collaterally estopped from re-litigating his *ex post facto* claim. He fully litigated the same *ex post facto* claim before the Pennsylvania District Court; that court had jurisdiction over the claim and conclusively determined that it lacked merit; and it is not unfair to preclude Bryant from relitigating the claim here. *Warren*, 709 F.2d at 1185-86. To the contrary, if Bryant disagreed with the Pennsylvania District Court's decision, he should have appealed the decision to the U.S. Court of Appeals for the Third Circuit. It would be unfair to the government for Bryant to be permitted simply to refile the claim anew in this Court.

**II.**    **BRYANT'S SECTION 1983 CLAIMS ARE TIME BARRED**

The District of Columbia's three-year statute of limitations applies to Bryant's *ex post facto* and due process claims brought under 42 U.S.C. § 1983. *Curtis v. Lanier*, 535 F. Supp.2d 89, 95 (D.D.C. 2008). The Parole Commission denied Bryant parole on July 22, 2003, *Bryant*, 2007 WL 210792 at * 1; Ex. 1, which began the running of the limitations period. *See, e.g., Macleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007); *Lovett v. Ray*, 327 F.3d 1181, 1182-83

(11th Cir. 2003). Bryant did not file his Complaint, however, until February 25, 2008 – well more than three years after the Parole Commission denied him parole. Accordingly, his claims are untimely and should be dismissed. *Id.*

### III.  BRYANT HAS FAILED TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

It is "clear" that Bryant "may only invoke *ex post facto* protection based on the parole regime that was in place at the time [he] committed [the] offenses." *Sellmon v. Reilly*, 2008 WL 1933759 at *16 (D.D.C. May 5, 2008). Bryant committed the offenses for which he is currently incarcerated in 1979 and 1980. *Bryant*, 2007 WL 210792 at * 1. Thus, the regime in place in 1979 and 1980 is the applicable law for purposes of Bryant's *ex post facto* claims. *Sellmon*, 2008 WL 1933759 at * 16.

Bryant's *ex post facto* and due process claims are predicated, however, on the Parole Commission's failure to use the 1987 Regulations when considering him for parole in 2003. (Compl. ¶¶ 22-69.) Bryant does not allege that the Parole Commission violated the *ex post facto* clause by failing to utilize the regime in place in 1979 and 1980. (Compl. ¶ 22.) Nor does he allege that the parole regime in effect at that time is essentially the same as the 1987 Regulations. (Compl. ¶¶ 22-69.) In these circumstances, Bryant has failed to state a viable *ex post facto* claim on which relief may be granted. *Cf. Sellmon*, 2008 WL 1933759 at * 17 ("[T]here is simply no evidence before the Court that the Board's practices pre- and post-1987 were similar enough to allow plaintiffs convicted prior to 1987 to rely upon the 1987 Regulations for purposes of arguing an *ex post facto* violation. The claims of plaintiffs Phillips and West El are thus dismissed.")

Moreover, in order to establish a due process claim, Bryant must first show that the

Parole Commission has deprived him of a constitutionally protected liberty interest. *Blair-Bey v. Quick*, 151 F.3d 1036, 1047-48 (D.C. Cir. 1998). A protectable liberty interest may be found in the Constitution itself or it may be created by state law. *Id.* However, there is no "direct constitutional liberty interest in parole." *Id.* (citing *Greenholtz v. Inmates of Nebraska Penal and Correct. Complex*, 442 U.S. 1, 7 (1979). And "[c]ourts have consistently held that the D.C. parole statute, which applies to D.C. Code offenders even after they are transferred to the jurisdiction of the [Parole] Commission does not create a liberty interest in parole." *Reynolds v. Williamson*, 2005 WL 3050154 at * 3 (N.D. Pa. Nov. 14, 2005); *see also Blair-Bey*, 151 F.3d at 1048; *Stewart v. Gaines*, 370 F. Supp.2d 293, 296 (D.D.C. 2005). Thus, Bryant's due process claims, which are predicated on the Parole Commission's denial of his request for parole, should be dismissed.[1]

## CONCLUSION

For the foregoing reasons, the Court should dismiss Bryant's Complaint.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney

---

[1] The Parole Commission also notes that it should be dismissed as a defendant in this case because it has not waived its sovereign immunity and because it is not an "individual" for purposes of 42 U.S.C. § 1983. *Settles v. USPC*, 429 F.3d 1098, 1104 (D.C. Cir. 2005).

|  |  |
|---|---|
|  | United States Attorneys Office |
|  | 555 4th Street, N.W. |
|  | Washington, D.C. 20530 |
| June 17, 2008 | (202) 616-5309 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICKY BRYANT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 08-315 (ESH) |
| ) | |
| **EDWARD F. REILLY, JR., et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PROPOSED ORDER**

Upon consideration of defendants' motion to dismiss, it is hereby

ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that the Complaint in this action is DISMISSED with prejudice.

SO ORDERED.


Date: _____                                    _____
                                                    United States District Judge

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 17th day of June, 2008, a copy of defendants' motion to dismiss was mailed to plaintiff at the following address:

Ricky Bryant
R# 113-000
Lewisburg USP
P.O. Box 1000
Lewisburg, PA 17837

               /s/
              Harry Roback

U.S. Department of Justice  
United States Parole Commission  
5550 Friendship Boulevard  
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: BRYANT, Ricky  
Register Number: 00113-000  
DCDC No: 191-783

Institution: Lewisburg USP

Date: July 22, 2003

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue to a Reconsideration Hearing in July 2008, after the service of 60 months from your hearing date of July 1, 2003.

**REASONS**:

Your Total Guideline Range is 394-446 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 282 months as of July 8, 2003.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:  Sharon Barnes-Durbin, SCSA  
CSS Data Management Group  
D.C. Court Services & Offender Supervision Agency  
300 Indiana Avenue, N.W., Suite 2149  
Washington, D.C. 20001

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts  Salient Factor Score (SFS-98) Item Explanations**

1   A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

1   B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

1   C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0   D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

1   E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0   F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

4   Salient Factor Score (SFS-98) (sum of points for A-F above)

### BASE POINT SCORE

**Your Pts  Base Point Score Category Explanations**

2   I - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

3   II - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

3   III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

8   **Base Point Score (sum I-III above)**

## DISCIPLINARY GUIDELINES

You have behavior that constitutes new criminal conduct in a prison facility, which is rated as Category Six severity because it involved Arson in a Prison Facility. This requires 52-80 months to be added to your base point score guideline range.

You have an aggregate disciplinary guideline range of 52-80 months, which is to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

**Not Applicable**

## TOTAL GUIDELINE RANGE

|  |  |
|---|---|
| 72 --- 96 | Base Point Score Guideline Range |
| 270 - 270 | Months Required to Serve to Parole Eligibility Date |
| 52 --- 80 | Disciplinary Guideline Range |
| less  0 --- 0 | Superior Program Achievement Award (if applicable) |
| 394 - 446 | Total Guideline Range |

| Base Point Score Guideline Range || Points For SFS Item C ||||
|---|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments |||
|  |  |  | 0-3 | 4 | 5+ |
| 3 or less | 0 months | 26 & Up | 3 | 2 | 1 |
| 4 | 12-18 months |  |  |  |  |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months |  |  |  |  |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months |  |  |  |  |
| 9 | 110-140 months |  |  |  |  |
| 10 | 136-172 months | 0-19 | 0 | 0 | 0 |